UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KIMBALL INTERNATIONAL, INC. and KIMBALL ELECTRONICS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> XSTREAM SYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:08-cv-135-RLY-WGH |

## COMPLAINT

Come now the Plaintiffs, Kimball International, Inc. ("Kimball International") and Kimball Electronics, Inc. ("Kimball Electronics"), by counsel, and for their Complaint against Defendant, XStream Systems, Inc. ("XStream"), state as follows:

### The Parties, Jurisdiction and Venue

1. Kimball International is a corporation organized under the laws of the State of Indiana with its principal place of business located in Jasper, Indiana, and thus, it is a citizen of Indiana for purposes of diversity jurisdiction.

2. Kimball Electronics is a corporation organized under the laws of the State of Indiana with its principal place of business located in Jasper, Indiana, and thus, it is a citizen of Indiana for purposes of diversity jurisdiction.

3. XStream is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Florida, and thus, it is a citizen of these states for purposes of diversity jurisdiction.

4. Jurisdiction of this matter is properly founded upon 28 U.S.C. §1332, as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 and the dispute is between citizens of different states.

5. Venue properly lies with this Court, pursuant to 28 U.S.C. §1391(a)(2) and (3), as a substantial part of the events or omissions giving rise to the claims occurred in this district and XStream is subject to personal jurisdiction within this district. Moreover, XStream contractually consented to litigate this dispute in this Court. *See* Exhibit B to Exhibit 1 (providing that "any suit or action at law or in equity involving a dispute, controversy or claim arising hereunder shall be brought and maintained by either party in a Federal or State Court located in the State of Indiana only").

## Count I - Breach of Promissory Note

6. Kimball International incorporates by reference as if fully set forth herein the allegations contained within paragraphs 1-5 of its Complaint.

7. On or about September 6, 2006, Kimball International and XStream entered into a Term Loan Agreement, a true, exact and authentic copy of which, redacted as necessary to protect confidential information, is attached hereto and incorporated hereby as Exhibit 1 (the "Loan Agreement").

8. In connection with the Loan Agreement, XStream executed a Credit Note in the amount of $2,000,000.00 on September 6, 2006, a true, exact and authentic copy of which is attached to the Loan Agreement as Exhibit B (the "Note").

9. The Note was payable in full in one lump sum payment of all outstanding principal plus all accrued unpaid interest on September 5, 2008. Interest was at an initial rate of 5% per annum and the rate of 9% per annum after default.

10.    XStream has failed and refused to pay in connection with the Note, and thus, has defaulted thereunder.

11.    There is now due and payable on the Note the unpaid principal balance of $2,000,000.00 plus interest in the sum of $4,931.15 as of September 15, 2008, for a total balance due and owing as of September 15, 2008 in the sum of $2,004,931.15 with interest accruing thereafter at the per diem rate of $493.15.

12.    According to the terms of the Loan Agreement and Note, Kimball International is additionally entitled to recover its attorney's fees and expenses.

WHEREFORE, Plaintiff, Kimball International, Inc., by counsel, prays for judgment against Defendant, XStream Systems, Inc., in the principal sum of $2,000,000.00 plus interest in the sum of $4,931.15 as of September 15, 2008, for a total balance due and owing as of September 15, 2008 in the sum of $2,004,931.15, with additional interest accruing thereafter through the date of judgment at the per diem rate of $493.15, plus attorney's fees, all without relief from valuation and appraisement laws, for the costs of this action, and for all other proper relief.

## Count II - Breach of Reserve Capacity Agreement

13.    Kimball Electronics incorporates by reference as if fully set forth herein the allegations contained within paragraphs 1-5 of its Complaint.

14.    In May 2008 Kimball Electronics and XStream entered into a contract under the terms of which XStream agreed to pay Kimball Electronics the monthly sum of $15,000.00 in exchange for an agreement by Kimball Electronics to reserve manufacturing capacity for XStream's products in Kimball Electronics' plant, located in Jasper, Indiana (the "Reserve Capacity Agreement"). Attached hereto and incorporated hereby as Exhibit 2, is a true, exact and authentic copy of correspondence from XStream to Kimball Electronics memorializing the terms of the Reserve

Capacity Agreement.

15. Kimball Electronics performed all conditions required of it under the Reserve Capacity Agreement.

16. XStream breached the terms of the Reserve Capacity Agreement by failing to pay Kimball Electronics the required monthly payments.

17. As a direct and proximate result of XStream's breach of the Reserve Capacity Agreement, Kimball Electronics has sustained damages in the amount of $30,000.00 as of September 1, 2008.

WHEREFORE, Plaintiff, Kimball Electronics, Inc., by counsel, prays for judgment against Defendant, XStream Systems, Inc., in the principal amount of $30,000,00, plus interest thereon, for the costs of this action, and for all other proper relief.

### Count III - Breach of Supplier Agreement

18. Kimball Electronics incorporates by reference as if fully set forth herein the allegations contained within paragraphs 1-5 of its Complaint.

19. In September 2006 Kimball Electronics and XStream entered into a Supplier Agreement, a true, exact and authentic copy of which is attached hereto and incorporated hereby as Exhibit 3.

20. Kimball Electronics has performed all conditions required of under the terms of the Supplier Agreement.

21. Section 10(a) of the Supplier Agreement provides that XStream's default under the terms of the Note constitutes a non-curable default under the terms of the Supplier Agreement.

22. XStream has defaulted under the terms of the Note, and thus, has defaulted under the terms of the Supplier Agreement.

23.  As a direct and proximate result of XStream's breach of the Supplier Agreement, Kimball Electronics has sustained damages in an amount to be proven at trial, but in any event not less than the principal sum of $782,160.00.

WHEREFORE, Plaintiff, Kimball Electronics, Inc., by counsel, prays for judgment against Defendant, XStream Systems, Inc., in an amount to be proven at trial, but in any event not less than the the principal sum of $782,160.00 plus interest thereon, for the costs of this action, and for all other proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Attorneys for Plaintiffs

By _____
R. Brock Jordan
Attorney No. 17060-49

RUBIN & LEVIN, P.C.
342 Massachusetts Avenue, Suite 500
Indianapolis, IN 46204
(317) 634-0300 - FAX (317) 453-8612
RBJ/llj   (Our File No. 81907410)
G:\WP80\GENLIT\Kimball-XStream-81907410\Complaint.wpd