UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KIMBALL INTERNATIONAL, INC. and KIMBALL ELECTRONICS, INC., Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | 3:08-cv-00135-RLY-WGH |
| XSTREAM SYSTEMS, INC., Defendant. | ) ) ) | |

**ENTRY ON KIMBALL INTERNATIONAL, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiffs, Kimball International, Inc. ("Kimball") and Kimball Electronics, Inc., filed a Complaint against Defendant, XStream Systems, Inc. ("XStream"). In Count I of the Amended Complaint, Kimball alleges that XStream breached the terms of a Promissory Note. Kimball now moves for partial judgment on the pleadings on the grounds that XStream admitted in its Amended Answer that it owes the principal sum of $2,000,000.00 in Count I. For the reasons set forth below, the court **GRANTS** Kimball's motion.

**I.     Background**

In its Amended Complaint, Kimball alleges that it entered into a Term Loan Agreement ("Agreement") with XStream. (Docket # 10 ("Amended Complaint") ¶ 7). In connection with the Agreement, XStream executed a Credit Note ("Note") in the amount of $2,000,000.00. (*Id*. at ¶ 8). The Note was payable in full in one lump sum payment of

all outstanding principal plus all accrued unpaid interest on September 5, 2008. (*Id.* at ¶ 9). Kimball alleges that XStream has failed and refused to pay the Note and that the principal sum of $2,000,000.00 is now due and payable. (*Id.* ¶¶ 10, 11).

XStream filed its Amended Answer to Amended Complaint on March 5, 2009. (Docket # 17 ("Answer") ¶¶ 7-11). Its Amended Answer establishes the following undisputed facts:

> 7. On or about September, 6, 2006, Kimball International and XStream entered into a Term Loan Agreement, a true, exact and authentic copy of which, redacted as necessary to protect confidential information, is attached hereto and incorporated hereby as Exhibit 1 (the "Loan Agreement").
>
> **ANSWER:** XStream admits the allegations in paragraph 7.
>
> 8. In connection with the Loan Agreement, XStream executed a Credit Note in the amount of $2,000,000.00 on September 6, 2006, a true, exact and authentic copy of which is attached to the Loan Agreement as Exhibit B (the "Note").
>
> **ANSWER:** XStream admits the allegations in paragraph 8.
>
> 9. The Note was payable in full in one lump sum payment of all outstanding principal plus all accrued unpaid interest on September 5, 2008. Interest was at an initial rate of 5% per annum and the rate of 9% per annum after default.
>
> **ANSWER:** XStream admits the allegations in paragraph 9.
>
> 10. XStream has failed and refused to pay in connection with the Note, and thus, has defaulted thereunder.
>
> **ANSWER:** XStream admits that it failed to pay the Note when due on September 5, 2008. XStream denies that it has refused to pay the Note and, in fact, has attempted to work with Kimball International to explore alternative payment options. XStream lacks knowledge or

        information sufficient to admit or deny the remaining allegations in paragraph 10.

11.    There is now due and payable on the Note the unpaid principal balance of $2,000,000.00 plus interest in the sum of $205,424.70 as of September 15, 2008, for a total balance due and owing as of September 15, 2008 in the sum of $2,205,424.70 with interest accruing thereafter at the per diem rate of $542.47.

        **ANSWER:** XStream admits that principal and interest are due and payable on the Note. XStream denies the accuracy of plaintiff's interest calculations. XStream denies any remaining allegations in paragraph 11.

## II.    Judgment on the Pleadings Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. In deciding a motion brought under Rule 12(c), a court must apply the same standard of review it applies for a Rule 12(b)(6) motion. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Therefore, the court will draw "all reasonable inferences in favor of [XStream, the non-moving party]" when reading the allegations in the Amended Complaint and the Answer. *Id*. at 633. "Only when . . . the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007) (citing *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

## III.    Discussion

Kimball contends that XStream's Amended Answer to its Amended Complaint

constitutes an admission that XStream has defaulted under the terms of the Note and is indebted to Kimball in the principal sum of $2,000,000.00.

As shown by XStream's answers to paragraphs 7 through 10 of Kimball's Complaint, XStream has admitted that: (1) it executed the Term Loan Agreement; (2) the Note was payable in full in one lump sum payment of principal and interest on September 5, 2008, and XStream failed to make this payment; and (3) the unpaid principal balance of $2,000,000 is now due and payment on the Note. (Amended Answer ¶¶ 7-11). XStream's assertion that it admitted only that "principal and interest are due and payable on the Note," and not that the specific sum of $2,000,000 is owed, presents a tortured (and thus unreasonable) interpretation of its Amended Answer. Accordingly, Kimball's Motion for Judgment on the Pleadings with respect to the principal sum of $2,000,000 is **GRANTED**.

### IV. Conclusion

For the reasons set forth above, the court **GRANTS** Kimball's Motion for Partial Judgment on the Pleadings (Docket # 34).

 **SO ORDERED** this 30th day of June 2009.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Terri L. Bruksch
BARNES & THORNBURG LLP

tbruksch@btlaw.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net